**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 13** |
| **Noe Patino,** | ) | **Case No. 26-14912** |
| **Debtor.** | ) | **Honorable Deborah L. Thorne** |

**MEMORANDUM OPINION**

This matter comes before the court on a motion to hold ALSJ, Inc. (Lender) in contempt for a violation of the automatic stay and a second motion filed by Lender to declare either that the automatic stay does not apply or, in the alternative, to modify or annul the automatic stay. The facts are not in dispute. The questions posed by the parties include the following:

- Did the continuation of the motion authorizing a sale date for a status violate the automatic stay?
- Should the court enter a preliminary injunction extending the automatic stay to prohibit the sale of property owned by a non-debtor in which the Debtor holds an interest?

**FACTUAL BACKGROUND**

Noe Patino (Debtor) is a member in a limited liability company, Patino's Investment LLC (LLC). The LLC owned certain real property located in Joliet, Illinois (Property) and, in return for a loan made in the amount of $175,000, signed a note and granted a mortgage in the Property. The mortgage was recorded in Will County. At the same time as the LLC

granted the mortgage to Lender, the Debtor executed a personal guaranty for the obligations under the note. The obligations under the note matured and were due in full in July 2023. In April 2024, Lender filed a complaint against the LLC and the Debtor personally as guarantor, seeking to foreclose on the Property. In April 2026, a judgment of foreclosure was entered by the state court. A foreclosure sale was scheduled for July 30, 2026, but was postponed several times in response to motions filed by the LLC. The sale was ultimately rescheduled for September 10, 2026. Again, on September 8, 2026, the LLC made an oral motion to stay the sale, but it was to no avail and the state court entered an order allowing the sale to proceed on September 10.

On September 9, the Debtor filed a chapter 13 petition in the Northern District of Illinois Bankruptcy Court and as a result, Lender postponed the sale to September 24, 2026. On September 10, Lender filed a motion to dismiss the Debtor from the foreclosure case because of the bankruptcy filing, which the state court granted on September 18. As the Debtor was no longer a party to the foreclosure case, the sale went forward on September 24 and the Property was sold for one dollar more than Lender's claim. The Debtor and the LLC filed motions in the state court seeking an order to vacate the foreclosure judgment and the sale, and to vacate the order dismissing the Debtor from the foreclosure case. The state court has refrained from ruling on that motion until this court rules on the motions before it.

The parties have fully briefed the issues before the court, and they are ripe for ruling.

## JURISDICTION

The debtor's motion was brought under section 362 of the Bankruptcy Code. As such, it is a matter within the district court's "arising under" jurisdiction set forth in 28 U.S.C. § 1334(b). This case has been referred to the bankruptcy court under 28 U.S.C. § 157(a) and the district court's standing order of reference. As a matter arising under the Bankruptcy Code, it is a core matter within the meaning of § 157(b).

## LEGAL STANDARDS

### 1. Section 362(a)

Section 362(a) of the Bankruptcy Code prohibits actions of creditors against the debtor to collect on claims that could have been or were orchestrated prior to the filing of the bankruptcy petition. 11 U.S.C. § 362(a). These actions include ones such as the foreclosure case filed against the Debtor, Noe Patino, but not actions against a non-debtor that may have liability related to that of the debtor.

The automatic stay is broad and protects debtors, the trustee, the bankruptcy estate, and creditors by staying or prohibiting proceedings and various acts against the debtor, the debtor's property, and property of the bankruptcy estate. 11 U.S.C. § 362(a)(1)–(8). Despite this breadth, it is not infinite and has limits. It only protects the debtor and not non-debtor parties, even when the non-debtor is owned by the debtor. The Seventh Circuit has held specifically that "corporate assets cannot become part of the bankruptcy estate of the debtor shareholder," even when those assets may be a debtor's primary source of income. *Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005); *see also In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991); *In re White*, 415 B.R. 696, 699 (Bankr. N.D. Ill. 2009) (no stay was in effect against non-debtor even though a guaranty had been signed by

debtor); *555 M Mfg. Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 722 (N.D. Ill. 1998); *In re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993) (corporate debtor "cannot invoke the automatic stay just because the action against the nondebtor subsidiary will impact on the value of the debtor's stock"); *In re Lengacher*, 485 B.R. 380, 383 (Bankr. N.D. Ind. 2012).

Thus, section 362 does not serve as protection against a party that is not a debtor even if the Debtor is a shareholder in a non-debtor corporation or member of a limited liability company. *In re Winer*, 158 B.R. at 743 (automatic stay cannot be invoked just because action against corporation will impact the value of debtor's stock). In a similar case in the Northern District of Indiana, the court found that even though the debtors were the sole owners of an LLC and their worth contributed value to the bankruptcy estate through ongoing operation and successful reorganization, the automatic stay would not be expanded beyond what Congress intended. *In re Lengacher*, 485 B.R. at 383 (holding that "nowhere does § 362(a) extend the automatic stay beyond debtors, their property and property of the estate. When Congress wanted a stay to protect non-debtor co-obligors it said so explicitly," as in §§ 1201(a) and 1301(a)).

In this case, the stay only protects the Debtor and his assets. In spite of his membership interest in the LLC, the LLC is not entitled to protection of the automatic stay without first becoming a debtor itself.

**2. Preliminary Injunction is not Warranted**

In its final prayer for relief, the Debtor seeks a preliminary injunction to stay the sale and ultimately enjoin the Lender from pursuing its claim against the LLC. There are a number of problems raised by this request. The Supreme Court several years ago held that non-debtors may not receive permanent injunctive relief in the form of a third-party release

under a plan of reorganization, even when the court holds that it is necessary to facilitate the debtor's reorganization. *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 224–25 (2024).

The *Purdue* Court did not address whether a preliminary injunction might be entered, but it did not prohibit it. If in fact a party might be entitled to a preliminary injunction, the moving party "still bears the burden of demonstrating its entitlement to that relief." *In re Parlement Techs., Inc.*, 661 B.R. 722, 724 (Bankr. D. Del. 2024). A preliminary injunction, such as that requested here, is typically "governed by the application of the traditional four-factor test."[1] *Id.* at 726. The movant must demonstrate (1) a strong likelihood that it will prevail on the merits, (2) irreparable injury to the movant absent an injunction, (3) lack of harm to the contra-party from entering the injunction, and (4) the public interest. *Id.* at 726, n.12; *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023); *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024).

Many courts have held that in a bankruptcy case the traditional four requirements need not be met, but at the very least the movant must show that there is a strong likelihood that it will prevail on the merits and that granting the injunction will serve the public interest. *In re Caesars Ent. Operating Co., Inc. (In re Caesars Ent. Operating Co.)*, 561 B.R. 441, 450 (Bankr. N.D. Ill. 2016); *see also Maxwell v. Megliola (In re marchFIRST, Inc.)*, 288 B.R. 526, 530 (Bankr. N.D. Ill. 2002), *aff'd*, 293 B.R. 443 (N.D. Ill. 2003) ("[T]he Seventh Circuit does not require the court to evaluate the four factors that are usually considered in the decision to issue an injunction. . . . The moving party must still establish a likelihood of

[1] An injunction such as that requested here should be initiated by the filing of an adversary proceeding under Bankruptcy Rule 7001(7). For the purposes of this case, the court will overlook that requirement because it does not believe that the debtor/movant is able to meet its burden.

success on the merits. And the public interest must always be considered on an injunction motion." (internal citation omitted)); *In re L & S Indus.*, 989 F.2d 929, 932 (7th Cir. 1993).

**DISCUSSION**

**1. Lender did not Violate the Automatic Stay as the Debtor was Dismissed as a Party to the Foreclosure Case**

The Debtor argues that Lender has violated the automatic stay and that the judicial sale of the Property should be found void. The Debtor filed his chapter 13 petition on September 9, 2026, one day before the scheduled sheriff's sale. As a result of the imposition of the automatic stay, the Lender did not proceed to hold the scheduled sale but asked to continue the sale to September 24, 2026. On September 18, 2026, the Will County Court entered an order dismissing the Debtor from the foreclosure case. The sale proceeded on September 24 and resulted in a sale to a third party for $1.00 more than that owed to Lender.[2] Thus, even though the Debtor was no longer a party to the foreclosure case, no deficiency judgment existed as the Lender was paid in full.[3]

**2. Continuing the Foreclosure Case for Status did not Violate the Automatic Stay**

The Debtor argues that allowing the state court to continue the sale date was in itself a violation of the automatic stay. This is not correct. State courts are free to determine whether the automatic stay exists. Although a state court may not modify the stay, it may decide whether the stay applies to a proceeding before it and whether a motion to modify the stay in the bankruptcy court is necessary. *Bank of Am., N.A. v. Kusek*, No. 1-16-3228, 2017 WL 4411010, at *5, *7 (Ill. App. Sept. 29, 2017) (holding that the circuit court

---

[2] The sale resulted in a purchase of the Property for $312,513.67. (Dkt. 33 ¶ 26).

[3] Debtor's "detrimental reliance" argument cites no case law in support and is nonsensical at best. Reliance on an unclear email from opposing counsel as the basis for not taking alternative steps to protect an interest in a $1.5 million property, particularly given the two weeks that elapsed between the email and the judicially noticed sale, may have been "detrimental" to Debtor but cannot under any standard be considered reasonable.

properly determined that the stay did not apply to a motion to substitute counsel in a stayed foreclosure action); *In re Welsch*, 602 B.R. 682, 685 (Bankr. N.D. Ill. 2019).

As the *Welsch* court explained in detail, “the stay does not prevent the state court from holding periodic status hearings to determine whether the stay is still in effect.” *Id.* It provided numerous examples throughout many jurisdictions where a status hearing does not violate the stay and allows the state court to determine whether a stay is even in effect:

> *See, e.g.*, *In re Peters*, 101 F.3d 618, 619 (9th Cir. 1996) (holding that continuing a foreclosure sale to a future date does not violate the stay); *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871 (8th Cir. 1988) (concluding district court could require counsel to appear and advise it of the progress of the bankruptcy case); *In re Roach*, 660 F.2d 1316, 1318 (9th Cir. 1981) (concluding that notices postponing sale of debtor’s property did not violate the stay); . . . . *In re Kuzniewski*, 508 B.R. 678, 686–87 (Bankr. N.D. Ill. 2014) (holding that a state court collection action may be continued and stayed for the course of the bankruptcy without violating the stay) . . . .

*Id.*

This court, along with the *Welsch* court, disagrees with the holding in *In re Nancy Hall-Walker*, 445 B.R. 873, 879 (Bankr. N.D. Ill. 2011), relied upon by the Debtor. Setting a status hearing to determine whether a case continues and most importantly whether the automatic stay is in effect is not a violation by either the state court or the creditor. Without such status hearings, a state court is unable to determine whether an automatic stay bars the plaintiff from proceeding. Many bankruptcy cases, especially chapter 13 cases, are dismissed prior to confirmation or completion of plans. When a case is dismissed, the stay is no longer in effect, allowing all non-bankruptcy proceedings to move forward. 11 U.S.C. § 362(c). Therefore, holding periodic status hearings is appropriate and does not violate the stay. Scheduling a status hearing does not provide a judgment against a debtor but

merely lets the state court know whether the parties are stayed or whether a claim may be asserted or renewed against the debtor.

**3. The Debtor is not Entitled to a Preliminary Injunction to Stay the Foreclosure Case Against the LLC**

Although the Debtor does not seek the entry of a preliminary injunction in so many words, that is essentially what he is requesting. As discussed above, the Debtor must show that he is entitled to a preliminary injunction by meeting his burden of proof on the likelihood of success on the merits and the public interest factors. Because the requirements are in the conjunctive, the Debtor must show that he can prevail on the merits and confirm a plan that is beneficial to creditors. The court finds that the Debtor has not satisfied either requirement, although it is mindful that if he loses the asserted $17,000 in rent each month, he will likely not have the ability to confirm a successful chapter 13 plan.

While the motion before the court is not one for confirmation, the Debtor must demonstrate that the entry of an order preliminarily extending the stay will lead to success. He has not done so. The petition was filed on September 9 and to date, he has not made his first payment that was due October 9. The standing trustee has filed a motion to dismiss the case as Debtor has not turned over tax returns to the standing trustee, nor has he attended a section 341 meeting of creditors. Additionally, at least one creditor has filed an objection to confirmation. The court has serious doubts that the case was filed in good faith.

**CONCLUSION**

As the Seventh Circuit made clear in *Fowler*, "corporate assets cannot become part of the bankruptcy estate of the debtor shareholder." *Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th

Cir. 2005). This court cannot go against that precedent, nor is it inclined to depart from the abundance of cases that reach the same conclusion. Like the Seventh Circuit in *Fowler*, this court is sympathetic to the fact that the foreclosure may make it difficult for Debtor to fund his proposed plan, but notes that "[t]his result apparently could have been avoided by liquidating the corporation before filing for bankruptcy," having the LLC file for bankruptcy, purchasing the property at the foreclosure sale, or any number of alternative options. *Id.* The court will not bend the law to extend the automatic stay to assets that belonged solely a third party. Debtor's motion is denied.

Dated: November 3, 2026

Deborah L. Thorne

Honorable Deborah L. Thorne
United States Bankruptcy Judge